IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF IOWA

EASTERN DIVISION

| | |
|---|---|
| ANTHONY BROWNE,<br><br>  Plaintiff,<br><br>vs.<br><br>KIM REYNOLDS, in her personal and official capacity as the Governor of the State of Iowa; BRAD KUNKEL, in his personal and official capacity as the Sheriff of Johnson County, Iowa;<br><br>  Defendants. | Case No. 3:23-cv-00053-SMR-HCA<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND SUPPLEMENTAL INJUNCTIVE RELIEF** |

**COMES NOW** Plaintiff, Anthony Browne, *pro se*, and prays for a declaratory judgment that he is eligible to have his right to keep and bear arms restored, as well as injunctive relief requiring that Mr. Browne be allowed to petition the sheriff or governor for restoration, and in support thereof states the following:

**PARTIES**

1.  Petitioner ANTHONY BROWNE ("Mr. Browne"), age 52, is a married African American with two children that has been an Iowa resident since 1991 and is a current resident of Iowa City in Johnson County, Iowa.

2.  Respondent, the Honorable KIM REYNOLDS ("Governor"), is the Governor of the State of Iowa.

3.  Respondent, the Honorable BRAD KUNKEL ("Sheriff), is the Sheriff of Johnson County, Iowa.

**JURISDICTION AND VENUE**

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331,

1343, and 1367.

5. The Plaintiff seeks remedies under 28 U.S.C. §§ 1651, 2201, 2202, 2412 and 42 U.S.C. §§ 1983 and 1988.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

## STATEMENT OF THE CASE

7. This case presents a purely legal question, to wit: whether Mr. Browne's prior convictions for Willful Injury, a forcible felony, and Criminal Gang Participation—which sentences he fully discharged twenty-five years ago, paid all restitution, fines, or other financial obligations for, and for which he has had his other lost citizenship rights restored for the past eighteen years—bar him from having his right to keep and bears firearms restored for *life*.

## FACTS

8. Mr. Browne law-abiding citizen.

9. In 1991, Mr. Browne was convicted of Willful Injury in violation of Iowa Code §708.4 (1991), a class C forcible felony, and Criminal Gang Participation in violation of Iowa Code §723A.2 (1991), a class D felony. *State v. Browne*, 494 N.W.2d 241 (Iowa 1992).

10. Mr. Browne received a prison sentence of 10 years for Willful Injury and 5 years for Criminal Gang Participation, to be served concurrently.

11. Mr. Browne was also ordered to pay restitution, fines, or other financial obligations as part of his 1991 convictions for Willful Injury and Criminal Gang Participation.

12. During his prison sentence at the Iowa State Penitentiary in Fort Madison, Iowa, Mr. Browne began taking correspondence courses at his own expense from the University of Iowa with the hopes of one day completing a degree in Computer Science.

13. Mr. Browne discharged his prison sentence in January of 1998.

14. By operation of Iowa Governor Tom Vilsack's July 4th, 2005 Executive Order 42, all of Mr. Browne's rights to citizenship were restored with regards to his 1991 convictions for Willful Injury

and Criminal Gang Participation, except for:

- This executive order, and all future restorations of citizenship rights, shall not include rights with respect to the receipt, transportation, or possession of firearm as provided by federal law or Chapter 724, Weapons, of the Code of Iowa, nor shall it relieve an offender of any unpaid restitution, fine, or other financial obligation resulting from a conviction.
- This executive order, and all future restorations of citizenship rights, shall not be construed as a pardon or as a remission of guilt or forgiveness of the offense and shall not operate as a bar to greater penalties for second offenses or a subsequent conviction as a habitual criminal.

15. On December 17th, 2005, Mr. Browne completed his degree in Computer Science at the University of Iowa.

16. Since 2006, Mr. Browne has been employed full time as a Software or DevSecOps Engineer.

17. Since 2005, Mr. Browne has been a registered voter in Johnson County Iowa and has voted in each election since then.

18. Mr. Browne paid in full all his restitution, fines, or other financial obligations with regards to his 1991 convictions for Willful Injury and Criminal Gang Participation.

19. From April 2019 to December 2021, Mr. Browne held an active SECRET security clearance with the U.S. Department of Defense for his work as a DevSecOps Engineer at Collins Aerospace on TCTS-II.[1]

20. The Governor is vested with the Supreme Executive power of the State and is Chief Magistrate responsible for the faithful execution of the laws pursuant to the Iowa Constitution, Article IV, Sections 1 & 9.

21. The Governor has the power to grant reprieves, commutations, and pardons, after conviction, for all offenses, which power includes the restoration of the right to keep and bear arms, pursuant to Iowa Constitution, Article IV, Section 16.

22. Persons in Johnson County Iowa must apply to the Sheriff for a permit to acquire pistols

---

[1] *See*: Collins Aerospace, TCTS-II Brochure (last visited September 17th, 2023)

or revolvers pursuant to Iowa Code §724.17 (2023) and the Iowa Administrative Rules 661.91 (2021).

23. On January 14, 2011, Governor Terry Branstad signed Executive Order Number 70, which revoked Governor Vilsack's Executive Order 42.

24. On August 5th, 2020, the Governor signed Executive Order Number 7, which also did a blanket restoration of felon's citizenship rights.

25. Executive Orders 7 and 70 did not alter the rights of Mr. Browne.

26. Since 1967, Illinois law has provided that an individual must obtain a FOID card to acquire or possess a firearm. 430 ILCS 65/2(a)(1) (West 2018); 1967 Ill. Laws 2599.

27. Under section 8 of the FOID Card Act, the Department of State Police is authorized to deny an application for or revoke a card based on certain disqualifying criteria, including a Department finding that the person "is prohibited from acquiring or possessing firearms or firearm ammunition by... federal law." 430 ILCS 65/8(n).

28. Section 10 of the FOID Card Act provides a petitioner with an avenue to appeal and to seek an individualized hearing before the Director of State Police or the circuit court, depending on the nature of the prohibition, to restore eligibility for a FOID card. *Id.* § 10(a).

29. The court is charged with determining whether "substantial justice has not been done." *Id.* § 10(b).

30. If not, the court is authorized to direct the Department to issue a card. But the court "shall not issue the order if the petitioner is otherwise prohibited from obtaining, possessing, or using a firearm under federal law". *Id.*

31. To make the requisite showing for the court to grant relief, the applicant must establish "to the court's... satisfaction that: ...

> (1) The applicant has not been convicted of a forcible felony under the laws of this State or any other jurisdiction within 20 years of the applicant's application for a [FOID] Card, or at least 20 years have passed since the end of any period of imprisonment imposed in relation that conviction; (2) the circumstances regarding a criminal conviction, where applicable, the applicant's criminal history and his reputation are such that the applicant will not be likely to act in a manner dangerous to public safety;

(3) granting relief would not be contrary to the public interest; and
(4) granting relief would not be contrary to federal law." 430 ILCS 65/10(c)(1)-(4).

32. The Plaintiff was born and raised in Waukegan, Illinois.

33. He has continuously been an Iowa resident since his incarceration in 1991.

34. The Plaintiff has never relinquished his Illinois birth residency.

35. Should the Plaintiff move back to Illinois, he will become subject to Illinois' FOID Card Act.

36. If the Plaintiff moved to any state besides Illinois, the state law in that locale would apply.

37. Federal law would also apply in any state he moved to.

38. Under 18 U. S. C. §921(a)(20) and *Caron v. United States*, 524 U.S. 308 (1998), the Plaintiff would be prohibited by federal law from possessing firearms or firearm ammunition, unless his fundamental right to keep and bear arms was fully restored in Iowa and Iowa only.

39. Likewise, the Plaintiff would be prohibited from restoring his right through the FOID Card Act pursuant to 430 ILCS 65/10(c)(4), unless his fundamental right to keep and bear arms was fully restored in Iowa and Iowa only, but only because of the federal prohibition. *Brown v. Illinois State Police*, 190 N.E.3d 162 at 173-175 (2021).

40. Though the Plaintiff hasn't done an exhaustive search and has only researched Illinois law because it is his home state, it's clear that other states likely have state law provisions substantially like 430 ILCS 65/10(c)(4) which require a person to adhere to federal law with regards to restoration of the right to keep and bear arms.

41. Thus, the Plaintiff cannot move back to his home state or any other state and apply for and receive restoration of his fundamental right to keep and bear arms, even if that state allows for restoration, without first having such right restored in Iowa first.

42. If Iowa Code §914.7 (2023) is declared unconstitutional, the Plaintiff would apply to the Governor for a pardon of his fundamental right to keep and bear arms and, if granted, would only keep, and bear lawful firearms for hunting, target shooting, and home defense.

43. If Iowa Code §914.7 (2023) is declared unconstitutional, the Plaintiff would apply to the Sheriff for a permit to acquire firearms and, if granted, would only keep, and bear lawful firearms for hunting, target shooting, and home defense.

44. Currently, Iowa Code §914.7 (2023) prevents Iowa courts; the Governor; the Sheriff; state courts, governors, or sheriffs from the other forty-nine states; and the U.S. federal government from restoring Mr. Browne's right to keep and bear arms for the remainder of his *life*.

## COUNT I

### AS APPLIED TO THE PETITIONER, IOWA CODE §914.7 (2023) VIOLATES HIS RIGHT TO KEEP AND BEAR ARMS UNDER THE U.S. CONSTITUTION

45. Petitioner hereby incorporates the allegations of all previous paragraphs as though those allegations were fully set forth herein.

46. As applied to the Petitioner, Iowa Code §914.7 (2023) violates his right to keep and bear arms under the Second Amendment of the U.S. Constitution made applicable to Iowa through the Fourteenth Amendment of the U.S. Constitution and therefore violates 42 U.S.C. § 1983.

## COUNT II

### AS APPLIED TO THE PETITIONER, IOWA CODE §914.7 (2023) VIOLATES HIS RIGHT TO KEEP AND BEAR ARMS UNDER THE IOWA CONSTITUTION

47. Petitioner hereby incorporates the allegations of all previous paragraphs as though those allegations were fully set forth herein.

48. As applied to the Petitioner, Iowa Code §914.7 (2023) violates his right to keep and bear arms under the Article I, Section 1A of the Iowa Constitution.

## PRAYER FOR RELIEF:
### DECLARATORY JUDGMENT AND SUPPLEMENTAL RELIEF

49. Petitioner hereby incorporates the allegations of all previous paragraphs as though those allegations were fully set forth herein.

50. This matter is appropriate for declaratory relief pursuant to 28 U.S.C. §§ 2201 and granting such relief would terminate the legal dispute that gave rise to this Petition.

51. This matter is also appropriate for permanent injunctive relief pursuant to 28 U.S.C. §§ 1651 and 2202. Absent injunctive relief, Mr. Browne will continue to suffer irreparable injury for which there is no adequate remedy at law for the remainder of his *life*.

52. Once the Court enters the requested declaratory relief, Mr. Browne's right to have his firearm rights restored will be clear and the Respondents will have a mandatory obligation to allow him to petition for restoration of his right to keep and bear arms and have those petitions granted, thereby restoring his right to keep and bear arms.

53. The Petitioner prays that the Court issue permanent injunctive relief pursuant to 28 U.S.C. §§ 1651 and 2202 to effectuate the newly declared right.

**WHEREFORE**, the Petitioner respectfully urges this Court to enter judgment as follows:

(1) Declaring that:

a. Under the Second Amendment of the U.S. Constitution, Iowa Code §914.7 (2023) is unconstitutional, as applied to the Petitioner.

b. Under Article I, Section 1A of the Iowa Constitution, Iowa Code §914.7 (2023) is unconstitutional, as applied to the Petitioner;

(2) Enjoining:

a) The Governor from enforcing Iowa Code §914.7 insomuch as it encroaches upon the Governor's discretionary power to restore his right to keep and bears arms through a pardon;

b) The Sheriff from denying the Plaintiff a permit to acquire firearms despite his felony conviction, if the Plaintiff applies for the permit and demonstrates to the Sheriff's satisfaction that the Plaintiff is not "currently dangerous," subject to the same appeal rights as any other applicant. To determine "current dangerousness," the Sheriff must consider only the following factors:

    a. The totality of the circumstances of his felony conviction;

    b. The length of time since the felony conviction;

    c. The Plaintiff's law-abiding conduct since the felony conviction including, but not

>   limited to, his criminal history, work history, credit history, and achievement history;
>
>   d. A totality of the circumstances demonstrates restoring Plaintiff's right to keep and bear arms would not be contrary to the public interest;

Pursuant to these four factors, subject to any appellate process, the Sheriff maintains the discretion to grant or deny any permit.

   (3)   Awarding Plaintiff attorney fees incurred in bringing this action pursuant to 42 U.S.C. § 1988;

   (4)   For Plaintiff's costs incurred herein pursuant to 28 U.S.C. §§ 2412; and,

   (5)   For such other and further relief as the Court deems just and proper.

Date: September 17th, 2023

Respectfully submitted,

/s/Anthony Browne
Anthony Browne, *pro se*
PO BOX 66
Iowa City Iowa, 52244
(319) 541.2149
anthony.browne@live.com

*Copy to Respondents*:

Iowa Governor Kim Reynolds
*By and through counsel*:
Jeffrey C. Peterzalek - LEAD ATTORNEY
Shannon Archer
Tessa Margaret Register
OFFICE OF ATTORNEY GENERAL OF IOWA (DSM)
1305 E. WALNUT STREET
DES MOINES, IA 50319
515-281-4213
Fax: 515-281-4209
Email: Jeffrey.Peterzalek@ag.iowa.gov
515-281-8080
Email: shannon.archer@ag.iowa.gov
515-281-5112
Fax: 515-281-4209
Email: tessa.register@ag.iowa.gov

Johnson County, Iowa Sheriff Brad Kunkel
*By and through counsel*:
Susan D. Nehring - LEAD ATTORNEY
David Michael Van Compernolle - PRO HAC VICE

JOHNSON COUNTY ATTORNEY'S OFFICE
500 SOUTH CLINTON STREET
SUITE 400
IOWA CITY, IA 52240
319-339-6100
Fax: 319-339-6149
Email: snehring@johnsoncountyiowa.gov
319-688-8181
Fax: 319-339-6149
Email: dvancompernolle@johnsoncountyiowa.gov

*Original filed.*

## CERTIFICATE OF SERVICE

The Defendants have been served electronically to their attorneys of record by email notifications generated by CM/ECF pursuant to Fed. R. Civ. P. 5(b)(2)(E).