IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| ANTHONY ARTHUR BROWNE,<br><br>    Plaintiff,<br><br>vs.<br><br>KIMBERLY KAY REYNOLDS, in her official capacity as the Governor of the State of Iowa, and<br><br>BRAD KUNKEL, in his official capacity as the Sheriff of Johnson County, Iowa;<br><br>    Defendants. | Case No. 3:23-cv-00053-SMR-HCA<br><br>**GOVERNOR REYNOLDS'S REPLY TO RESISTANCE TO MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

## I. Browne concedes section 724.26 is lawful, and he has no right to a pardon from the Governor, so *Jackson* controls.

Browne concedes that Iowa's statute prohibiting his possession of a firearm after his felony conviction is lawful. Resist., at 3. Given that concession, his suit exclusively turns on whether Browne is constitutionally entitled to apply to the Governor for clemency. The answer is no.

Pardons are "a unilateral hope" of leniency. *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981). Pure matters of gubernatorial grace—there is neither a statutory nor constitutional right to clemency after a conviction in Iowa. *See* Iowa Code § 914.4 (setting forth the procedures for applying for rights restoration and providing no criteria or mandatory requirements for granting applications); *Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008) (discussing the "unfettered discretion vested in the governor" and finding no "liberty interest in discretionary commutations based on a statute that has 'no definitions, no criteria, and no mandated shalls'" (quoting *Conn. Bd. of Pardons*, 452 U.S. at 466)).

Browne's firearms disability is lawfully imposed and thus cannot be unlawful due to limits on the Governor's pardon power. "The restoration of civil rights is part of the pardon power and as such is an act of clemency not subject to judicial control." *Beacham v. Braterman*, 300 F. Supp. 182, 184 (S.D. Fla. 1969). Browne "does not have a constitutional right to seek a pardon and/or a commutation of his sentence." *Bey v. Sebastian*, 2014 WL 4058852, at *2 n.3 (D. Del. Aug. 14, 2014). So any claim that his rights were violated "because he is precluded from seeking a pardon and/or commutation of his sentence necessarily fails." *Id.*

Iowa Code section 724.26 prohibits felons from possessing firearms. That prohibition attaches at the point of conviction and continues indefinitely. Iowa's law is consistent with the federal denial of firearms rights to certain persons, including felons. *See* 18 U.S.C. § 922(g). Browne concedes these statutes are lawful, and thus *Jackson* controls. *United States v. Jackson*, 69 F.3d 495, 498–99 (8th Cir. 2023). There, a Minnesota man was convicted of a "crime of violence," which barred him from shipping, transporting, possessing, or receiving "a firearm for the remainder of [his] lifetime." *Id.* Just like Browne, the Minnesota man faced a lifetime without firearms possession with no enforceable expectation of relief. Still, the Eighth Circuit affirmed that such dispossession did not violate the Second Amendment. *Id.* at 501–05. The same result is appropriate here.

Browne's reliance on the Third Circuit's decision in *Range* is misplaced. *See Range v. Att'y Gen. U.S. of Am.*, 69 F. 4th 96 (3d Cir. 2023) (en banc). As a threshold matter, to the extent *Range* conflicts with *Jackson*, this Court must follow the Eighth Circuit's precedent. And on the merits, *Range* commits several analytical errors.[1]

---

[1] Attorney General Merrick Garland has filed a Petition for Writ of Certiorari in *Range*. *See* Petition for Writ of Certiorari, *Garland et al. v. Range*, (No. 23-374), available at

First, *Range* overlooks critical history. At the founding, felony convictions often carried a sentence of death. 4 William Blackstone, *Commentaries on the Laws of England* 98 (1769). After conviction, a felon was considered "already dead in law," and thus while awaiting execution was often stripped of all property, including firearms. *Id.* at 374, 379–82. Imposing the death penalty and forfeiting all property was premised on the idea that life and property were "right[s] derived from society which one lost by violating society's laws." *Austin v. United States*, 509 U.S. 602, 612 (1993). Because most felons were put to death, there was little need to enact laws specifically disarming felons. And for crimes *not* punishable by death, states and colonies routinely disarmed the offenders, showing that early lawmakers had no expectation that criminals of any sort could retain their firearms. *See, e.g.*, David Thomas Koning, *"Dale's Laws" and the Non-Common Law Origins of Criminal Justice in Virginia*, 26 Am. J. Legal Hist. 354, 371 (1982) (1624 Virginia ordinance disarmed persons engaged in "base" and "opprobrious" speech*); The Public Records of the Colony of Connecticut From May, 1775 to June, 1776*, at 193 (Charles J. Hoadly ed., 1890) (1774 Connecticut statute disarmed those who libeled or defamed certain resolutions). The routine disarming of low-level criminals at the Founding supports constitutionally disarming those who commit more serious crimes, like felons.

And second, *Range* improperly embraced a case-by-case dangerousness inquiry. Indeed, Browne clings to this approach—arguing his belief that "overwhelming evidence" shows that "decades later," he "is currently law-abiding and, by any measurable standard, not dangerous." Resist., at 3–4. But *Range* and Browne's appeal to a case-by-case determination of dangerousness is unsupported and unworkable. All lawmaking requires line drawing. Disarming felons aligns

---

https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/23-374.html.  The Petition forcefully discusses *Range*'s errors, which will briefly be summarized here.

with the historical practice of "status-based restrictions," which disarmed those who undermined "an orderly society and compliance with its legal norms." *Jackson*, 69 F.4th at 503, 505.

What's more, federal courts are ill-equipped to make individualized determinations of dangerousness. What standards would courts use? *Range* did not provide a test, instead offering a conclusory assertion that § 922(g)(1) could not apply to "people like Range." 69 F. 4th at 106. To the extent a dispossession standard exists, *Heller* and *Bruen* provide a categorical one: non-law-abiding citizens. *See New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2122–56 (2022) (repeatedly describing the class of persons covered by Second Amendment as "law-abiding citizens"); *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) (expressly affirming prohibitions on "the possession of firearms by felons"). Browne committed a forcible felony, and thus he is not law abiding and may constitutionally be dispossessed of firearms.[2] Ultimately, disarming criminals is well established in our nation's legal tradition, and Browne has no constitutional entitlement to discretionary relief from the consequences of his crimes.

**II. Browne's suit retroactively imposes new constitutional requirements on prior conduct, but even retroactively applying new section 1A, the law passes strict scrutiny.**

Browne's challenge under new section 1A of the Iowa Constitution also fails. First, applying the new section to Browne is indeed retroactive application. Browne was convicted in 1991, and at that time he was barred from possessing firearms for life. Iowa Code § 248A.7 (1991). Browne now seeks to use the newly enacted constitutional provision to undo the prior legal

---

[2] Browne's appeal to his own lack of recidivism underscores the workability problem. You don't throw "away your umbrella in a rainstorm because you are not getting wet." *Shelby Cnty. v. Holder*, 570 U.S. 529, 590 (2013) (Ginsburg, J., dissenting). That Iowa has kept forcible felons like Browne from committing additional gun crimes is evidence that its laws are succeeding, not that they are unnecessary.

consequences of his criminal conduct, which is improper retroactive application. *See, e.g.*, *State v. Fordyce*, 940 N.W.2d 419, 427 (Iowa 2020).

Second, Iowa's scheme is narrowly tailored to achieve its critical ends. Browne agrees that convictions for certain serious crimes, like murder, justify a lifetime ban on firearm possession. Resist., at 8. But, predicably, he disagrees that *his* serious crime justifies a lifetime ban on firearms possession, and thus the scheme is not narrowly tailored.

A jury found, by proof beyond a reasonable doubt, that Browne actively participated with a street gang in shooting an innocent woman causing serious injury. *Browne*, 494 N.W.2d at 241. Browne argues that because the evidence showed he merely intended to cause serious injury to the victim, rather than intending to kill her, or because the projectile merely punctured the victim's lung instead of killing her, prohibiting him from possessing firearms for the rest of his life is not narrowly tailored to prevent future violence. *See* Iowa §§ 707.11, 707.1. It does not violate strict scrutiny to lump willing and eager participants in shootings together with the shooters themselves for purposes of restricting future access to firearms.

The legislature carefully tailored firearm restrictions by only prohibiting persons with forcible felony convictions from possessing firearms for life. Browne committed a forcible felony with a firearm, and thus including his offense within the classes of offenses that are subject to lifetime dispossession is appropriately tailored to meet the compelling state interest of protecting the public from gun violence.

Respectfully submitted,

BRENNA BIRD
Attorney General of Iowa

*/s/ Tessa M. Register*
TESSA M. REGISTER
Assistant Solicitor General

*/s/ Shannon Archer*
SHANNON ARCHER
JEFFREY C. PETERZALEK
Assistant Attorneys General
Iowa Department of Justice
1305 E. Walnut Street, 2nd Floor
Des Moines, Iowa 50219
Ph: 515-281-5112
Em: Tessa.Register@ag.iowa.gov
Em: Shannon.Archer@ag.iowa.gov
Em: Jeffrey.Peterzalek@ag.iowa.gov

ATTORNEYS FOR DEFENDANT GOVERNOR REYNOLDS

All parties served via CM/ECF on October 20, 2023.