IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| ANTHONY BROWNE,<br><br>Plaintiff,<br><br>v.<br><br>KIM REYNOLDS, in her official capacity as Governor of Iowa and BRAD KUNKEL, in his official capacity as Johnson County Sheriff,<br><br>Defendants. | ) | Case No. 3:23-cv-00053-SMR-HCA<br><br>ORDER ON MOTIONS TO DISMISS AND MOTION TO REMAND |

Plaintiff Anthony Browne was convicted of a forcible felony involving a firearm in 1991. Years later, he argues that he has rehabilitated himself after incarceration and has long since left the gang participation of his youth behind. Browne wishes to possess a firearm but is prohibited from doing so under federal and state law. To his credit, he has not violated these criminal prohibitions. Rather, he has filed a *pro se* lawsuit challenging these laws as violative of his rights to possess a firearm under the United States and Iowa Constitutions.

## I. BACKGROUND

### *A. Factual Background*[1]

Iowa prohibits possession of firearms by individuals convicted of a felony. Iowa Code § 724.26. However, some convicted felons may petition the Governor of Iowa for a restoration of their civil rights, which include the right to possess a firearm. *Id.* § 914.1. Not everyone is eligible

[1] These facts are pled in the Amended Complaint and taken as true; all factual allegations must be drawn in the light most favorable to the nonmoving party in a motion to dismiss for failure to state a claim. *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014).

to ask the State's chief executive for this discretionary relief—the statute expressly excludes serious crimes such as forcible felonies, drug felonies involving use of a firearm, and other serious, weapons-related crimes. *Id.* § 914.7 (providing that a person convicted of the specified offenses are not eligible to have their rights restored "to the extent of allowing the person to receive, transport, or possess firearms"). Browne's conviction falls within this statutory exclusion because he was convicted of willful injury and criminal gang participation.[2] [ECF No. 15 ¶ 9]; *see also State v. Browne*, 494 N.W.2d 241, 242 (Iowa 1992). He was sentenced to ten years on the Willful Injury charge and five years for criminal gang participation. [ECF No. 15 ¶ 10]. He was released from prison in January 1998. *Id.* ¶ 13.

Browne's civil rights were restored by the Governor in 2005, including his right to vote, with the exception of his right to possess firearms.[3] According to the pleadings, he has since turned his life around admirably. Browne graduated from the University of Iowa in 2005 with a degree in computer science. He has been employed full time since 2006 as a software or a DevSecOps engineer.[4] Browne avers that he held a security clearance with the U.S. Department of Defense for his DevSecOps engineer position at Collins Aerospace while working on a tactical combat training program. *Id.* ¶¶ 14–19.

---

[2] Browne was convicted of Willful Injury, a Class C Felony. [ECF No. 15 ¶ 9]. This is a forcible felony under Iowa law. Iowa Code §§ 702.11, 708.4.

[3] Browne's voting rights were again revoked by then-Governor Terry Branstad in an executive order in 2011. Governor Reynolds later restored his rights once more in 2020 through another executive order. [ECF No. 15 ¶¶ 23–24]; *see also* Exec. Order No. 70, https://www.legis.iowa.gov/docs/publications/EO/966056.pdf (issued Jan. 14, 2011); Exec. Order No. 07, https://www.legis.iowa.gov/docs/publications/EO/1139928.pdf (issued Aug. 5, 2020).

[4] DevSecOps stands for development, security, and operations. A DevSecOps professional is responsible for the security of the software development process. *See What is DevSecOps: Definition, Certifications & Careers*, Coursera, https://www.coursera.org/articles/devsecops (last visited Apr. 25, 2024).

*B. Procedural Background*

Browne filed this lawsuit against Governor Kim Reynolds and Johnson County Sheriff Brad Kunkel bringing two counts. Count I alleges that Iowa Code § 914.7 violates Browne's right to keep and bear arms under the Second Amendment to the United States Constitution. Count II asserts that the same statute violates Article I, Section 1A of the Iowa Constitution, which protects the right to keep and bear arms under the state constitutional analog.

Browne seeks three forms of substantive relief. First, he moves for a declaratory judgment that Iowa Code § 914.7 is unconstitutional under both the federal and state constitution. Second, Browne requests an injunction prohibiting the Governor "from enforcing Iowa Code § 914.7 insomuch as it encroaches upon the Governor's discretionary power to restore his right to keep and bear arms through a pardon." [ECF No. 15 at 7]. Finally, he asks the Court to issue an injunction prohibiting the Johnson County Sheriff from denying him "a permit to acquire firearms despite his felony conviction" and restrict the criteria for issuance of a permit to factors he specifies in the Amended Complaint. These factors include: (a) the totality of circumstances surrounding his felony conviction, (b) the length of time since the conviction, (c) his subsequent conduct since the conviction, and (d) a determination the restoring his right to keep and bear arms would not be contrary to the public interest.[5]

Browne initiated this case in state court in the Iowa District Court for Johnson County. [ECF No. 1-2]. Defendants soon filed a joint notice of removal to federal court on the basis of federal question jurisdiction in light of Browne's assertion that the law violates the Second Amendment to the United States Constitution. [ECF No. 1]. They argue that supplemental

[5] This fourth factor proposed by Browne appears to be a directive to conclude that it is in fact not contrary to the public interest to restore his right to possess firearms, not an assessment left to the Sheriff's discretion.

jurisdiction over the state constitutional claim is proper because none of the statutory factors permitting declination of supplemental jurisdiction are present in the case. Both Defendants soon filed motions to dismiss for failure to state a claim. [ECF Nos. 10, 11]. Browne then moved to remand the case back to state court. [ECF No. 14]. He also filed an Amended Complaint, which is the current operative pleading. [ECF No. 15]. Defendants again move to dismiss for failure to state a claim. [ECF Nos. 19, 22]. After resisting the renewed motions to dismiss, Browne filed another motion styled as a "Motion to Sever Counts" seeking a limited remand of the claim brought under the Iowa Constitution. [ECF No. 25].

## II. DISCUSSION

### *A. Motion to Dismiss Standard*

The Federal Rules of Civil Procedure require a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Conversely, a complaint is subject to dismissal when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "is not akin to a 'probability requirement,'" it demands the pleadings demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Thus, a complaint must plead more than mere "labels and conclusions" or "naked assertions devoid of further factual enhancement." *Id.* (cleaned up) (citation omitted). All

reasonable inferences must be drawn in the plaintiff's favor, but "the facts alleged in the complaint must be enough to raise a right to relief above the speculative level." *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009) (cleaned up) (citation omitted).

*B. Analysis*

1. Second Amendment

The Second Amendment provides that, "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The United States Supreme Court has construed the Second Amendment as protecting the right of law-abiding, responsible citizens to possess firearms inside and outside the home for "ordinary self-defense needs." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 71 (2022); *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008) (holding that the Second Amendment protects the right of "law-abiding, responsible citizens" to possess a firearm "in defense of hearth and home."). Two years after the Supreme Court recognized an individual right in *Heller*, the Second Amendment was incorporated against the states through the Fourteenth Amendment. *McDonald v. City of Chicago*, 561 U.S. 742, 778 (2010).

Browne expressly acknowledges in his brief that the felon in possession statutes under state and federal law are presumptively lawful under binding precedent from the United States Court of Appeals for the Eighth Circuit. [ECF No. 23-1 at 3] (citing *United States v. Jackson*, 69 F.4th 495, 501 (8th Cir. 2023)). He characterizes his lawsuit as not a challenge to "the felon in possession statutes, but rather, a very limited attack on Iowa Code § 914.7's ban for *life* on restoring a forcible felon's fundamental right to keep and bear arms in the jurisdiction of his conviction." *Id.* (emphasis in original). According to Browne, there is overwhelming evidence that he is currently a law-abiding convicted felon and not dangerous.

He grounds his position in the reasoning of *Bruen*, where the Supreme Court invalidated a New York law which allowed state officials to exercise discretion when issuing firearm licenses. 597 U.S. at 70–71. The *Bruen* Court also rejected the two-step framework that lower courts had applied in analyzing challenges under the Second Amendment, putting in its place "a test rooted in the Second Amendment's text, as informed by history" which required the Government to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id*. at 19. Browne believes that applying the historical analysis required by *Bruen* demonstrates that Iowa Code § 914.7 is unconstitutional. He cites to out-of-Circuit, non-binding precedent for further support. However, those cases are clearly distinguishable from the circumstances here.

The United States Court of Appeals for the Third Circuit rejected the argument by the Government that 18 U.S.C. § 922(g)(1), which prohibits possession of a firearm by a convicted felon, could be applied to a man who had been convicted of making a false statement to obtain food stamps nearly two decades earlier. *Range v. Attorney General*, 69 F.4th 96, 105 (3d Cir. 2023) (majority opinion). The en banc Third Circuit reversed the three-judge panel's determination that the law did not violate the Second Amendment as-applied to the man, finding that the Government failed to show that the nation's historical tradition of firearms regulation supported the deprivation. *Id*. at 106. The *Range* court emphasized at the conclusion of its opinion that its decision was "narrow." *Id*.

Browne also seeks support from the decision by the United States Court of Appeals for the Seventh Circuit in *Atkinson v. Garland*, 70 F.4th 1018 (7th Cir. 2023). In *Atkinson*, the panel reversed and remanded the case because the district court had decided the case pre-*Bruen* and rejected the defendant's constitutional challenge based on Circuit precedent. The panel held that

precedent could not survive on its own accord after *Bruen* because the Supreme Court now required a historical analysis in assessing the constitutionality of firearm laws. *Id*. at 1019–20.

The United States Court of Appeals for the Sixth Circuit recently surveyed case law across the Circuits regarding the constitutionality of § 922(g)(1). *United States v. Alvarado*, 95 F.4th 1047, 1051–52 (6th Cir. 2024). Noting that since *Bruen*, "courts have begun to revisit the constitutionality" of the law. *Id*. at 1051. The court observed that the constitutionality of the law is "unsettled" after noting the different holdings of the Eighth Circuit, Third Circuit, and Seventh Circuit. *Id*. at 1052 (quoting *United States v. Hill*, No. 22-2400, 2023 WL 2810289, at *2 (7th Cir. Apr. 6, 2023)). Accordingly, the panel held that it could not find plain error on appeal because a Circuit split "is good evidence that the issue is subject to reasonable dispute." *Id*. at 1053.[6]

Browne claims that the Court should draw a distinction here because he challenges Iowa law, not the federal felon in possession statutes. The Court rejects the Second Amendment claim because, as Browne concedes, the Eighth Circuit has held that felon in possession statutes are constitutional since *Bruen* was decided. *Jackson*, 69 F.4th at 502 (foreclosing as-applied challenges to § 922(g)(1) after concluding that "there is no need for felony-by-felony litigation"); *United States v. Cunningham*, 70 F.4th 502, 506–07 (8th Cir. 2023) (denying as-applied challenge by a non-violent felon); *United States v. Dunn*, 76 F.4th 1062, 1068 (8th Cir. 2023) (rejecting argument that § 922(g)(1) is overly broad); *see also United States v. Veasley*, --- F.4th ----, ----, 2024 WL 1649267, at *9 (8th Cir. Apr. 17, 2024) (finding that a facial challenge to § 922(g)(3) prohibiting possession of a firearm by a drug user fails, consistent with pre-*Bruen* Circuit precedent holding the same). The Eighth Circuit reasoned that "legislatures traditionally employed status-

[6] The Government apparently represented to the court in *Alvarado* that "more than 170 district courts have rejected constitutional challenges to § 922(g)(1)." *Id*. at 1052 n.3 (citation omitted).

based restrictions to disqualify categories of persons from possessing firearms" and it is "within the historical tradition" for Congress, or a state legislature to prohibit firearm possession by felons. *Jackson*, 69 F.4th at 505. Browne has provided no basis to conclude that a state-level prohibition on possession of a firearm by a felon should yield a different result, particularly given the Eighth Circuit's uniform rejection of Second Amendment claims.

Furthermore, Browne only challenges the law that limits the authority of the Governor to issue a pardon, which he believes would restore his right to possess a firearm. The underlying state criminal prohibition on possessing a firearm would remain. *See* Iowa Code § 724.26(1). That provision is consistent with federal law which prohibits the same class of individuals from possessing a firearm. As the Eighth Circuit has held and repeatedly affirmed, prohibitions on firearm possession by a felon do not violate the Second Amendment.

Also, the invalidation of a law that restricts the exercise of the Governor's pardon power would not require the Governor to *exercise* that discretion to the benefit of Browne. As Defendants point out, a pardon is not a legal entitlement and a court does not have authority to compel the issuance of a pardon by an executive official. *See Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 466 (1981) (holding that a standardless clemency statute did not create a protectable legal interest beyond the right to request clemency). The Iowa Code provision allowing individuals to apply for a gubernatorial pardon does not contain any specified criteria or mandatory requirements beyond a right to apply. *See* Iowa Code § 914.2. Recently, the Eighth Circuit again observed that there is no "liberty interest in discretionary commutations based on a statute with 'no definitions, no criteria, and no mandated shalls.'" *Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008) (quoting *Dumschat*, 452 U.S. at 466). The restoration of an individual's civil rights is part of the pardon power and its substantive exercise is not subject to challenge in courts. *Beacham v.*

*Braterman*, 300 F. Supp. 182, 184 (S.D. Fla. 1969) (holding that the "act of clemency is not subject to judicial control"). Browne does not argue, nor could he, that the pardon statute contains standards or requirements on the Governor's exercise of the power, much less that it has not been applied properly.

In summary, the Amended Complaint does not state a claim that Iowa Code § 914.7 violates the Second Amendment as applied to Browne. Laws prohibiting the possession of a firearm by a convicted felon have been upheld by multiple courts, post-*Bruen*, under the Second Amendment. Browne does not identify, nor is the Court aware, of any court that has held that a person convicted of a violent felony involving the use of a firearm retains the right to keep and bear arms under the Second Amendment.

2. Iowa Constitutional Analysis

A new amendment to the Iowa Constitution took effect December 1, 2022. The language of that amendment largely parallels the Second Amendment:

> The right of the people to keep and bear arms shall not be infringed. The sovereign state of Iowa affirms and recognizes this right to be a fundamental individual right. Any and all restrictions of this right shall be subject to strict scrutiny.

Iowa Const. art. I, sec. 1A. Browne also challenges Section 914.7 on the grounds that it violates Article I, Section 1A. Defendants argue that although the new amendment enshrines an important right in the Iowa Constitution, the new right attaches at the time of the amendment's passage and operates prospectively. [ECF No. 19-1 at 9]. Even if the new constitutional amendment is applied, Defendants argue that Section 914.7 survives strict scrutiny, as expressly required by the text of the provision.

Browne responds that Count II should not be considered by the Court and should be remanded to state court. He argues that it is a newly enacted constitutional amendment that

presents a novel and complex issue of state law. Browne points out that there is no case law concerning the correct interpretation of the constitutional provision.

A federal court may exercise supplemental jurisdiction over a state law claim when it is "so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Once claims over which the district court had original jurisdiction are dismissed, a court retains discretion over whether to continue exercising supplemental jurisdiction. *Id*. § 1367(c). A federal court may decline to exercise supplemental jurisdiction under four circumstances identified in the statute: (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) all other claims over which the has original jurisdiction have been dismissed, or (4) there are other compelling reasons for declining jurisdiction. *Id*.

The Court agrees with Browne that the issue presented in Count II is better addressed by Iowa state courts. There is no published case law on the interpretation of the new amendment. Furthermore, the language of the amendment evinces a strong intent to protect the right to keep and bear arms under the Iowa Constitution. It describes the right as a "fundamental individual right" and brings within its scope "[a]ny and all restrictions" on the right, which must be subjected to "strict scrutiny." Iowa Const. art. I, sec. 1A. Although the Court is sympathetic to Defendants' arguments regarding retroactivity and the strict scrutiny analysis, it would be imprudent for a federal district court to opine on this important new constitutional amendment without *any* guidance from state courts. Accordingly, the Court will decline exercise of supplemental jurisdiction and remand the case to state court.

## III. CONCLUSION

For the reasons discussed above, Defendants' Motions to Dismiss are GRANTED in part. [ECF Nos. 19, 22]. The Court will decline to exercise supplemental jurisdiction over Browne's state constitutional claim and will GRANT his Motion to Remand. [ECF No. 14]. The other pending Motions are MOOT. [ECF Nos. 10, 11, 25].

IT IS SO ORDERED.

Dated this 30th day of April, 2024.

______________________________
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT